INGA L. WOLFORD, Plaintiff, *v.* AUBREY S. WOLFORD, Defendant.

Supreme Court, Special Term, Queens County, June 15, 1943.

*Raymond L. Wise* for plaintiff.

*Joseph Feinstein* for defendant.

HOOLEY, J.  Motion to increase the alimony payable to plaintiff by defendant and to modify the decree of separation of this court, dated May 21, 1938, as subsequently modified.

During the year 1942 plaintiff had received alimony from defendant at the rate of $700 per month which was applicable to her support and maintenance and the support and maintenance of the two children of the marriage.  In November, 1942, the defendant made a motion to reduce the alimony and after hearings before an official referee the alimony was reduced by order of this court dated February 25, 1943, to $370 per month to be allocated as follows: $200 for the support of the plaintiff wife and $170 for the support and education of the children.

By the enactment of the Internal Revenue Code of 1942 [U. S. Code, tit. 26, § 22, subd. (k); § 23, subd. (u)], the burden of the payment of income taxes on alimony was shifted from the husband to the wife.  The income tax on the alimony payments received by the wife during 1942 amounts to $1,339.06.  She will receive from her husband for alimony during 1943 the sum of $2,400.  The changes in the Internal Revenue Act became effective October 21, 1942.  If effect is given to the abatement provisions, erroneously called " forgiveness " provisions, recently enacted, whereby the taxpayer is not required

to pay seventy-five per cent of his taxes for the lesser tax liability of the two years — 1942 or 1943 — the plaintiff will be required to pay in excess of $1,100 in taxes between now and March 15, 1944.

Of course it may be argued that everyone is presumed to know the law and that this plaintiff should have retained sufficient from the amount received by her in 1942 to take care of these taxes. But the enactment as respects alimony did not take effect until late in the year and no doubt most of the money was spent. She has received a most decided reduction in income. She is now required to pay the tax on the 1942 income. The defendant has the benefit not only of the very substantial cut in alimony but also of the exemption from tax of his alimony payments. The ends of justice will be served in this transition period if the defendant is required to contribute by way of additional alimony the sum of $600 to be applied toward the plaintiff's tax liability for the taxable year 1942. At the time of the fixing of the present alimony and support figures, consideration was given to the income tax as respects the allocation of the payments, but not sufficiently to the amount of the payment of the tax on the $8,400. The $600 is to be paid within thirty days after the service of the order to be entered hereon; $100 counsel fee in connection with this application is granted. Settle order on notice.